

CJ-2021-3162
Prince

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| AIMEE GISSANDANER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CJ-2021-3162** |
| v. ) | |
| ) | FILED IN DISTRICT COURT |
| JAMES A. NELSON, individually, ) | OKLAHOMA COUNTY |
| CRETE CARRIER CORPORATION, a ) | |
| foreign for-profit business corporation, and ) | JUL 28 2021 |
| THE HARTFORD INSURANCE ) | |
| COMPANY, a foreign insurance company, ) | RICK WARREN |
| ) | COURT CLERK |
| Defendants. ) | 42_____ |

### PETITION

COMES NOW, Plaintiff, Aimee Gissandaner ("Plaintiff"), by and through her counsel of record, Parrish DeVaughn, PLLC, and for her cause of action against Defendants, James A. Nelson ("Defendant Nelson"), Crete Carrier Corporation ("Defendant Crete Carrier") and The Hartford Insurance Company ("Defendant The Hartford") (collectively "Defendants"), alleges and states as follows:

### PARTIES AND JURISDICTION

1. This case arises out of a tractor-trailer and automobile collision that occurred on or about October 23, 2020, on NE 122nd Street in Oklahoma City, Oklahoma located in Oklahoma County, Oklahoma.

2. Plaintiff is a resident of Oklahoma City, Oklahoma, located in Oklahoma County, Oklahoma.

3. Upon information and belief, Defendant Nelson is a resident of Irving, Texas. Defendant Nelson's last known address is 1418 Glenwick Lane Irving, TX 75060.

Exhibit 2

4. Upon information and belief, Defendant Crete Carrier is a foreign for-profit business corporation transacting with its principal place of business located at 400 NW 56th Street Lincoln, NE 68528. It can be served through its registered agent, National Registered Agents, Inc., at 1833 South Morgan Road Oklahoma City, OK 73128.

5. Upon information and belief, Defendant Crete Carrier Corporation is registered with U.S. Department of Transportation under DOT number 73705.

6. Upon information and belief, Defendant The Hartford is an insurance company incorporated under the laws of the State of Wisconsin and maintains its principal place of business in Connecticut. It provides insurance to motor carriers that travel within the State of Oklahoma, including but not limited to Defendant Crete Carrier. Therefore, Defendant The Hartford is a proper party to this action and directly liable to Plaintiff herein pursuant to 47 O.S. § 230.30.

7. Defendant The Hartford can be served with process through the Oklahoma Insurance Commissioner.

8. Upon information and belief, at all times relevant hereto, Defendant Nelson was an employee and/or agent of Defendant Crete Carrier and was acting within the course and scope of his employment/agency with Defendant Crete Carrier.

9. Venue is proper in Oklahoma County, State of Oklahoma, and the Court has jurisdiction over the parties.

**FACTS APPLICABLE TO ALL COUNTS**

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

10. On or about October 23, 2020, Plaintiff was traveling eastbound on NE 122nd Street, near the private drive of the Flying J Travel Center, in Oklahoma City, Oklahoma located in Oklahoma County, Oklahoma.

11. At the same time, Defendant Nelson, who was driving a tractor-trailer, was leaving the Flying J Travel Center and was attempting to enter onto eastbound NE 122nd Street from the private drive.

12. While attempting to enter onto eastbound NE 122nd Street, Defendant Nelson failed to yield to Plaintiff's vehicle and pulled out in front of her—causing a motor vehicle collision to occur.

13. As a direct and proximate result of the collision, Plaintiff sustained personal injuries.

14. Defendant Nelson's actions and omissions proximately and directly caused the injuries to Plaintiff.

## COUNT ONE

## NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT NELSON

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

15. On October 23, 2020, Defendant Nelson was negligent in the operation of his tractor-trailer.

16. Defendant Nelson chose to drive with reckless disregard to the rights of others.

17. Defendant Nelson was negligent *per se* in violating Oklahoma vehicle and traffic laws and regulations.

18. Defendant Nelson's violation of Oklahoma vehicle and traffic laws and regulations proximately and directly caused the injuries suffered by Plaintiff.

19. The foregoing acts and/or omissions of Defendant Nelson, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## COUNT TWO

### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT CRETE CARRIER

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

20. At the time of the collision, Defendant Nelson was acting either in the course and scope of his employment with Defendant Crete Carrier, or as an agent of or on behalf of Defendant Crete Carrier.

21. Defendant Crete Carrier is vicariously liable for the negligence of Defendant Nelson by virtue of the doctrine of *respondeat superior*.

22. Defendant Crete Carrier is liable for negligently entrusting the tractor-trailer to Defendant Nelson.

23. Defendant Crete Carrier was negligent *per se* in negligently entrusting the tractor-trailer to Defendant Nelson pursuant to 47 O.S. § 6-307.

24. Defendant Crete Carrier was negligent in hiring, retaining, training, and supervising Defendant Nelson, who it knew or should have known was not competent or properly trained to drive the commercial vehicle.

25. The collision and the manner in which it occurred was reasonably foreseeable to Defendant Crete Carrier, which had actual and/or constructive knowledge that violating the

Oklahoma Rules of the Road and/or the Federal Motor Carrier Safety Regulations could result in harm to other motorists.

26. The foregoing acts and/or omissions of Defendant Crete Carrier, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

## DAMAGES

27. The foregoing acts and/or omissions of Defendants, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

28. Defendants' actions individually and/or vicariously constitute a reckless, willful and wanton conduct that created an unreasonably dangerous condition without regard to the safety of the public and specifically to Plaintiff. Such conduct was contumacious to the laws of the State of Oklahoma and warrants punitive damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount which is fair and reasonable in excess of $75,000.00, punitive damages in excess of $75,000.00, attorney's fees and costs, and interest herein incurred and expended, and for such other and further relief as the Court deems just and proper.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
<tr><td><b>ATTORNEY'S LIEN CLAIMED</b><br><b>JURY TRIAL DEMANDED</b></td><td>_____<br>Greg Keogh, OBA 33933<br>PARRISH DEVAUGHN, PLLC<br>7 Mickey Mantle, Second Floor<br>Oklahoma City, OK 73104<br>405-444-4444<br>405-232-0058 (f)<br>Greg@parrishdevaughn.com<br><i><b>Attorneys for Plaintiff</b></i></td></tr>
</table>